■ In the Matter of ETHEL FITZGERALD, Individually, and as Chairman of the Board of Examiners of the Board of Education of the City of New York, et al., Appellants, v ROBERT J. CHRISTEN et al., Constituting the Board of Education of the City of New York, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia*, to enjoin respondents from conducting a special national teachers' bilingual examination, petitioners appeal from a judgment of the Supreme Court, Kings County, dated August 3, 1977, which, *inter alia*, denied the application and dismissed the petition. Judgment affirmed, with $50 costs and disbursements. Absent constitutional or statutory violations, it is not for us to question the wisdom or the policy of the respondent educators; the questions raised on this appeal are not proper subjects for judicial review (see *James v Board of Educ.*, 42 NY2d 357). Gulotta, P. J., Hopkins, Latham and Cohalan, JJ., concur.

■ In the Matter of SHEILA LEVY, Respondent, v PAUL LEVY, Appellant.—In a proceeding to increase child support payments, the appeal is from an order of the Family Court, Westchester County, dated December 3, 1976, which denied his motion to vacate an inquest taken against him on October 6, 1976. Order reversed, without costs or disbursements, motion granted, inquest vacated, and proceeding remanded to the Family Court for further proceedings in accordance herewith. Appellant's default was excusable and there are critical questions of fact concerning his financial status that are in need of resolution at a hearing. Rabin, J. P., Titone, Suozzi and Mollen, JJ., concur.

■ In the Matter of MANHASSET PARK DISTRICT, Respondent, Relative to Acquiring Title to Real Property for Parking Purposes Situated Within the Manhasset Park District in the Town of North Hempstead, Nassau County. MARTHANN REALTY Co., INC., Appellant.—In a condemnation proceeding, claimant appeals from so much of a partial final decree of the Supreme Court, Nassau County, dated April 29, 1977, as failed to (1) award compensation for the "going concern value" of its business and (2) value Damage Parcel No. 16 as though it were commercially zoned. Partial final decree affirmed insofar as appealed from, with costs. Claimant has failed to establish a "taking" of its parking lot business, in the traditional sense of that term, and is, therefore, not entitled to consequential damages for the destruction of its business upon the taking of the land. Nor has claimant established, with respect to Damage Parcel No. 16, either a valid nonconforming parking lot use or a reasonable probability of rezoning to commercial use (see *Masten v State of New York*, 11 AD2d 370, affd 9 NY2d 796). Latham, J. P., Cohalan, Damiani and Hawkins, JJ., concur.